# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MARTHA N. NOBLICK,                                 )
     Plaintiff,                                   )
                                       )
                                       )
vs.                                                )   **WESTERN DIVISION**
                                       )   **CASE NUMBER:**
                                       )   **3:18-cv-30016-MGM**
TEACHERS INSURANCE AND                             )
ANNUITY ASSOCIATION OF AMERICA and                 )
ROBERT D. QUINN, as administrator of the           )
ESTATE OF MICHAEL PATRICK QUINN                    )
     Defendants.                                  )

## DEFENDANT TEACHERS INSURANCE & ANNUITY ASSOCIATION OF AMERICA'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Teachers Insurance and Annuity Association of America (hereinafter referred to as "Defendant" or "TIAA")  respectfully submits this Answer to Plaintiff Martha N. Noblick's ("Plaintiff") Second Amended Complaint dated September 18, 2018 (the "Amended Complaint").  Each of the numbered paragraphs of the Second Amended Complaint are addressed below.

For convenience, Defendant uses the same section headings used in the Second Amended Complaint in this Answer.  However, Defendant makes no admission as to the allegations contained in those headings.

## INTRODUCTION

I.  Section I of the Second Amended Complaint titled "Introduction" purports to assert legal conclusions to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Section I of the Second Amended Complaint titled

"Introduction" and refers the Court to the documents referred to therein for their proper interpretation.

## JURISDICTION AND VENUE

II.  Section II of the Second Amended Complaint titled "Jurisdiction and Venue" purports to assert legal conclusions to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Section II of the Second Amended Complaint titled "Jurisdiction" and refers the Court to the documents referred to therein for their proper interpretation.

## PARTIES

1.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Second Amended Complaint, and therefore denies them.

2.      Defendant admits that it is a legal reserve life insurance company organized under the laws of the State of New York and that it has offices at 730 Third Avenue, New York, NY 10017-3206.  Defendant otherwise denies the allegations of Paragraph 2 of the Amended Complaint.

3.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 3 of the Second Amended Complaint, and therefore denies them.

## STATEMENT OF FACTS

4.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 4 of the Second Amended Complaint, and therefore denies them.

5.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 5 of the Second Amended Complaint, and therefore denies them.

6.      Defendant admits that Michael Quinn held annuity contracts with Defendant. Defendant denies the remaining allegations in Paragraph 6 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

7.      Defendant denies the allegations in Paragraph 7 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

8.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 8 of the Second Amended Complaint, and therefore denies them.

9.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9 of the Second Amended Complaint, and therefore denies them.

10.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 10 of the Second Amended Complaint, and therefore denies them.

11.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 11 of the Second Amended Complaint, and therefore denies them.

12.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 12 of the Second Amended Complaint, and therefore denies them.

13.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13 of the Second Amended Complaint, and therefore denies them.

14.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 14 of the Second Amended Complaint, and therefore denies them.

15.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15 of the Second Amended Complaint, and therefore denies them.

EAST\159769051.1

16.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 16 of the Second Amended Complaint, and therefore denies them.

17.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17 of the Second Amended Complaint, and therefore denies them.

18.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18 of the Second Amended Complaint, and therefore denies them.

19.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19 of the Second Amended Complaint, and therefore denies them.

20.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20 of the Second Amended Complaint, and therefore denies them.

21.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 of the Second Amended Complaint, and therefore denies them.

22.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22 of the Second Amended Complaint, and therefore denies them.

23.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23 of the Second Amended Complaint, and therefore denies them.

24.     Defendant denies the allegations in Paragraph 24 of the Second Amended Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

EAST\159769051.1

26.     Defendant denies the allegations in Paragraph 26 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

27.     Defendant denies the allegations in Paragraph 27 of the Second Amended Complaint, except that Defendant admits that it has not distributed the benefits under Michael Quinn's annuity contracts with Defendant to Plaintiff.

28.     Defendant admits that following Michael Quinn's death, in accordance with applicable law, it distributed the benefits under Michael Quinn's annuity contracts to Robert D. Quinn as administrator of the estate of Michael Quinn.   Defendant denies to remaining allegations in Paragraph 28 of the Second Amended Complaint.

29.     Defendant admits that after it distributed the benefits under Michael Quinn's annuity contracts with Defendant, it mistakenly informed Plaintiff that it had not yet distributed those benefits.   Defendant denies to remaining allegations in Paragraph 29 of the Second Amended Complaint.

## COUNT ONE

30.     Defendant incorporates by reference and  restates each of the responses set forth in Paragraphs 1 through 29 above as if fully set forth herein.

31.     Defendant denies the allegations in Paragraph 31 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

32.     Defendant denies the allegations in Paragraph 32 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

33.     Defendant denies the allegations in Paragraph 33 of the Second Amended Complaint, except that Defendant admits that it has not distributed the benefits under Michael Quinn's annuity contracts with Defendant to Plaintiff and that it has distributed those benefits to Robert D. Quinn as administrator of the estate of Michael Quinn.

34.     Paragraph 34 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 34 of the Second Amended Complaint.

35.     Paragraph 35 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 35 of the Second Amended Complaint.

36.     Paragraph 36 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 36 of the Second Amended Complaint.

## COUNT TWO

37.     Defendant incorporates by reference and  restates each of the responses set forth in Paragraphs 1 through 36 above as if fully set forth herein.

38.     Defendant denies the allegations in Paragraph 38 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

39.     Defendant denies the allegations in Paragraph 39 of the Second Amended Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

41.     Defendant denies the allegations in Paragraph 41 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

42.     Paragraph 42 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 42 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

43.     Defendant denies the allegations in Paragraph 43 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

44.     Defendant denies the allegations in Paragraph 44 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

45.     Defendant denies the allegations in Paragraph 45 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

46.     Paragraph 46 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 46 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

EAST\159769051.1

47.     Paragraph 47 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 47 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

48.     Paragraph 48 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 48 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

49.     Paragraph 49 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 49 of the Second Amended Complaint.

## COUNT THREE

50.     Defendant incorporates by reference and  restates each of the responses set forth in Paragraphs 1 through 49 above as if fully set forth herein.

51.     Defendant denies the allegations in Paragraph 51 of the Second Amended Complaint, and refers the Court to the documents referred to therein for their proper interpretation.

52.     Defendant admits that following Michael Quinn's death, it distributed the benefits under Michael Quinn's annuity contracts with Defendant to a third party other than Plaintiff. Defendant denies to remaining allegations in Paragraph 52 of the Second Amended Complaint.

53.     Paragraph 53 of the Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 53 of the Second Amended Complaint.

8

54.     Paragraph 54 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 54 of the Second Amended Complaint.

55.     Paragraph 55 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 55 of the Second Amended Complaint.

56.     Paragraph 56 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 56 of the Second Amended Complaint.

57.     Paragraph 57 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 57 of the Second Amended Complaint.

## COUNT FOUR

58.     Defendant incorporates by reference and  restates each of the responses set forth in Paragraphs 1 through 57 above as if fully set forth herein.

59.     Paragraph 59 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 59 of the Second Amended Complaint, and therefore denies them.

60.     Paragraph 60 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant lacks sufficient information to admit or deny the allegations in Paragraph 60 of the Second Amended Complaint, and therefore denies them.

61.     Paragraph 61 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 61 of the Second Amended Complaint.

## COUNT FIVE

62.     Defendant incorporates by reference and restates each of the responses set forth in Paragraphs 1 through 61 above as if fully set forth herein.

63.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 63 of the Second Amended Complaint, and therefore denies them.

64.     Defendant denies the allegations in Paragraph 64 of the Second Amended Complaint.

65.     Paragraph 65 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 65 of the Second Amended Complaint.

66.     Paragraph 66 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 66 of the Second Amended Complaint.

67.     Paragraph 67 of the Second Amended Complaint purports to assert a legal conclusion to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in Paragraph 67 of the Second Amended Complaint.

The WHEREFORE section of the Second Amended Complaint purports to assert legal conclusions to which no answer is required.  To the extent that an answer is required, Defendant denies the allegations in the WHEREFORE paragraph of the Second Amended Complaint.

EAST\159769051.1

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is not entitled to relief because she has not incurred any damages as a result of Defendant's actions.

### THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because she has waived the right to seek the relief she seeks in the Amended Complaint.

### FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because she has released the right to seek the relief she seeks in the Amended Complaint.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part because she lacks standing to bring them.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because under applicable law, the divorce between Plaintiff and Michael Quinn operated to revoke Michael Quinn's designation of Plaintiff as the beneficiary of his annuity contracts with Defendant.

### SEVENTH DEFENSE

Defendant lacks knowledge or information sufficient to form a belief as to whether it has other, as yet unstated, defenses.  Defendant reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery or otherwise, and reserves the right to amend its Answer to assert any such defense.

EAST\159769051.1

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully asks the Court to: (1) award judgment in its favor and against Martha N. Noblick on all claims for relief in the Amended Complaint, (2) award Defendant its attorneys' fees, costs and expenses incurred herein, and (3) grant such other and further relief as it may deem just and appropriate.

Dated: October 2, 2018

Respectfully submitted,

TEACHERS INSURANCE AND ANNUITY
ASSOCIATION OF AMERICA COLLEGE
RETIREMENT EQUITIES FUND

By their attorneys,

/s/ *Daniel E. Rosenfeld*
Daniel E. Rosenfeld (BBO# 560226)
Jennifer C. Brown (BBO# 681442)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA  02110-1447
Tel:  (617) 406-6000
Fax:  (617) 406-6100
Daniel.rosenfeld@dlapiper.com
Jennifer.brown@dlapiper.com

EAST\159769051.1

**<u>CERTIFICATE OF SERVICE</u>**

I, Daniel E. Rosenfeld , hereby certify that on October 2, 2018, a true and correct copy of the foregoing document was served upon all counsel of record via this Court's electronic document filing system.

  /s/ *Daniel E. Rosenfeld*     
Daniel E. Rosenfeld

EAST\159769051.1